**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CLYDE HEARD,
#R67228,**

              **Plaintiff,**　　　　**Case No. 23-cv-04067-SPM**

**v.**

**WEXFORD HEALTH SOURCES, INC.,
MS. CONNER,
MS. MORRIS, and
MS. BENDER,**

              **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Clyde Heard, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On March 11, 2023, Plaintiff alleges he dislocated his right knee. (Doc. 1, p. 7). He was taken to the health care unit in a wheelchair, only to be sent back to the cellhouse. Plaintiff states

Page 1 of 6

that his medical file records that he had a torn ACL and meniscus. Once back at the cellhouse, Plaintiff, who is diagnosed as being seriously mentally ill (SMI), asked to speak with a mental health provider because he was in mental distress at being unable to stand and walk and not being sent to an outside hospital. No one from mental health came. (*Id.*).

Plaintiff wrote to Mental Health Professional Morris on March 13, 14, and 15 stating that he was having thoughts of killing someone. (Doc. 1, p. 7). He did not see Morris until March 17. (*Id.*). During his meeting with Morris, Plaintiff asked to be placed on crisis watch because he was "in the wrong mindset and in a very dark place and was having thoughts of killing someone." (*Id.* p. 7-8). Morris told Plaintiff that she was not going to place him on crisis watch "so stop asking." (*Id.* at p. 8). Plaintiff again repeated that he would kill someone and himself. Morris became upset and so did Plaintiff. He then began "cussing her out" for not putting him on crisis watch. Plaintiff knocked on the door for an officer to escort him from the room. (*Id.*).

The next day, Plaintiff received a disciplinary ticket for "sexual misconduct." (Doc. 1, p. 8). The ticket alleges that Plaintiff sat during his meeting with Morris with his leg extended so that his genitals were exposed through a hole in his jumpsuit. Plaintiff asserts that he does wear or own a jumpsuit, and his state issued "blues" do not have any holes. (*Id.*).

Plaintiff states that he is being retaliated against by mental health when he was only seeking help for his physical and mental state. (Doc. 1, p. 8).

## PRELIMINARY DISMISSALS

The Court first dismisses all claims against Conner, Bender, and Wexford Health Sources, Inc. As for Defendants Conner and Bender, Plaintiff does not assert any allegations against them, and they are not identified in the body of the Complaint. Because Plaintiff has not included Defendants Conner and Bender in his statement of the claim, Defendants cannot be said to be

adequately put on notice of which claims, if any, are directed against them. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, any claims against Conner and Bender are dismissed.

The claims against Defendant Wexford Health Sources, Inc. are also dismissed. As a corporation, Wexford Health Sources, Inc. can only be liable for an unconstitutional policy or practice. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Plaintiff fails to point to any such policy or practice that caused him to be deprived of a constitutional right. He simply asks the Court to enjoin Wexford from continuing in erroneous practices, which is not sufficient.

Finally, the Court dismisses Plaintiff's retaliation claim. Plaintiff states that he was retaliated by Mental Health when he "was only seeking help for [his] medical and mental state." (Doc. 1, p. 8). This allegation is not associated with any particular Defendant, and Plaintiff does not identify what he believes constituted retaliatory conduct or who engaged in such conduct. Accordingly, his retaliation claim is insufficiently pled.

### DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

Count 1:     Eighth Amendment claim against Morris for deliberate indifference to Plaintiff's mental health needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

**as inadequately pled under the *Twombly*[1] pleading standard.**

The Court will allow Count 1 to proceed. Plaintiff alleges that Morris delayed meeting with him after his repeated requests for mental health care because he was feeling depressed and fearful that he would harm himself and others. Once Morris did meet Plaintiff, she denied him adequate care and refused to place him on crisis watch. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

### MOTION FOR SUMMONS

The Motion for Summons is moot. As Plaintiff is proceed *in forma pauperis,* the Court is obligated to arrange service on his behalf. (Doc. 12).

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Morris. All claims against Wexford Health Sources, Inc., Conner, and Bender are **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to terminate them as defendants on the docket.

Because the Complaint includes a request for injunctive relief, the Clerk of Court is **DIRECTED** to **ADD** Warden Anthony Wills as a defendant in his official capacity only for the purposes of implementing any injunctive relief that may be ordered. *See, e.g., Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

Furthermore, because Plaintiff claims involve mental health care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Portability and Accountability Act.

The Clerk of Court shall prepare for Wills (official capacity) and Morris the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* F ED. R. C IV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 10, 2024**


                                  *s/Stephen P. McGlynn*
                                    **STEPHEN P. MCGLYNN**
                                    **United States District Judge**


### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.